**United States District Court**
For the Northern District of California

1
2
3      **IN THE UNITED STATES DISTRICT COURT**
4      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
5      **SAN JOSE DIVISION**
6
7
8
9
10
11
12

| | |
|---|---|
| JOSEPH CUVIELLO, | Case No. 13-cv-04951-BLF |
|          Plaintiff, | **ORDER GRANTING SPECIAL MOTIONS TO STRIKE AS TO CLAIM 1; GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AS TO CLAIM 2; AND AWARDING ATTORNEYS' FEES AND COSTS AS TO CLAIM 1** |
| v. | |
| FELD ENTERTAINMENT, INC. (dba RINGLING BROS. AND BARNUM & BAILEY CIRCUS), et al., | |
|          Defendants. | [Re: ECF 18, 20] |

13
14      Plaintiff Joseph Cuviello is a member of a group that seeks to prevent mistreatment of circus
15 animals.  For more than twenty years, Plaintiff has been traveling to the sites of performances
16 presented by Defendant Feld Entertainment, Inc., dba Ringling Bros. and Barnum & Bailey Circus
17 ("Feld"), for the purpose of videotaping the treatment and living conditions of circus animals,
18 distributing leaflets to circus patrons, and organizing demonstrations.  Plaintiff, proceeding *pro se*,
19 filed the present lawsuit after Feld failed to obtain a permanent injunction and restraining order
20 against him in state court under California's Workplace Violence Safety Act.  Plaintiff claims that
21 the restraining order application constituted malicious prosecution and violated his First
22 Amendment rights.  Plaintiff sues Feld, two Feld employees who submitted declarations in support
23 of the restraining order application, and the attorneys who represented Feld in the state court
24 proceedings.
25      Feld and its employees Mike Stuart ("Stuart") and David Bailey ("Bailey") (collectively,
26 "Feld Defendants") have filed a motion to dismiss the complaint under Federal Rule of Civil
27 Procedure 12(b)(6) and a special motion to strike the complaint under California Code of Civil
28 Procedure section 425.16.  Feld's attorneys in the restraining order proceedings, James McManis

1   ("McManis"), Ruby Kazi ("Kazi"), Gregory Ward ("Ward"), and Tyler Atkinson ("Atkinson")

2   (collectively, "Attorney Defendants"), separately have filed a motion to dismiss under Rule 12(b)(6)

3   and a special motion to strike under section 425.16.

4           The Court was prepared to hear oral argument at the time set for hearing on Defendants'

5   motions, September 4, 2014 at 9:00 a.m., but Plaintiff did not appear at the designated time or

6   before the Court recessed at 10:33 a.m.  Because Plaintiff was not present, the Court declined to

7   hear substantive argument from Defendants' counsel, who were present.  The Court has considered

8   the briefing submitted by Plaintiff and Defendants.  For the reasons discussed below, the special

9   motions to strike are GRANTED as to Claim 1, the motions to dismiss are GRANTED without

10  leave to amend as to Claim 2, and Defendants are AWARDED reasonable attorneys' fees and costs

11  as to Claim 1, the amounts to be submitted by separate motions.

12  **I.      BACKGROUND**

13          Plaintiff alleges that he and his fellow activists are well-known to Feld, and that Feld

14  attempts to block their access to circus venues and otherwise chill their exercise of their First

15  Amendment rights.  (Compl. ¶¶ 33-53)  According to Plaintiff, Feld employees meet with local

16  police and venue management prior to engagements to discuss ways to restrict Plaintiff's access to

17  the venue and the circus animals.  (*Id.* ¶ 36)  Plaintiff claims that Feld employees have intentionally

18  blocked his view, sprayed him with fire hoses, shined laser pointers in his eye and camera lens, and

19  swatted at his camera with long poles bearing blown up photos of him and other activists.  (*Id.* ¶ 37)

20  Plaintiff also claims that Feld employees frequently walk alongside the elephants and horses

21  carrying a long rope that they use to push activists or wrap around activists and the monopod poles

22  upon which their cameras are mounted.  (*Id.* ¶ 38)

23          On August 7, 2012, Plaintiff traveled to Oakland, California, where Feld had a scheduled

24  engagement, for the purpose of videotaping the circus animals when they were unloaded from the

25  circus train and walked to the venue, an event referred to as the "animal walk."  (Compl. 47)

26  Plaintiff observed that Feld had hired two professional videographers to film Plaintiff and other

27  activists during the animal walk.  (*Id.* ¶ 49)  Plaintiff claims that Feld's employees, supervised by

28  Defendants Stuart and Bailey, pushed the long rope and their bodies against Plaintiff, interfering

**United States District Court**
For the Northern District of California

2

with his ability to see and film the animal walk.  (*Id.* ¶ 50)  Plaintiff also claims that a Feld employee "violently slammed his body into" Plaintiff and that when Plaintiff pushed the employee off, Plaintiff was surrounded by other Feld employees who yelled at him and pushed him.  (*Id.* ¶ 51)  Plaintiff surmised that Feld had intended to provoke Plaintiff and the other activists and to capture their reactions on film.  (*Id.* ¶ 52)

On August 13, 2012, the circus moved to San Jose, California.  (Compl. ¶ 56)  Plaintiff and other activists went to the San Jose Arena to observe the animal walk.  (*Id.*)  In previous years, the animals had been unloaded at the train station just a block away from the Arena, but after waiting for some time Plaintiff realized that Feld must be unloading the animals at a different location.  (*Id.*)  As Plaintiff reached this realization, circus trucks pulled out of the parking lot.  (*Id.*)  Plaintiff directed two activists who were parked nearby to follow the trucks while Plaintiff waited for a fourth activist to retrieve her car and pick him up.  (*Id.*)  The individuals in the first car reported the circus trucks' route to Plaintiff by cellular telephone, and Plaintiff and his companion caught up with the circus trucks shortly before the trucks entered a train depot in Milpitas, California.  (*Id.* ¶¶ 57-58)  Plaintiff and the other activists filmed elephants and horses being unloaded from the train and onto the circus trucks, and then prepared to drive back to San Jose to film the animals being unloaded from the trucks.  (*Id.* ¶ 59)  However, they were stopped by a Milpitas police officer because Defendant Bailey had reported them for reckless driving.  (*Id.*)  The police held the two drivers for more than an hour and then released them without citing them.  (*Id.*)  The detention prevented Plaintiff and the other activists from returning to San Jose in time to see the unloading of the animals at the San Jose Arena.  (*Id.*)

On August 14, 2012, Feld petitioned the Santa Clara County Superior Court for temporary restraining orders and permanent injunctions and restraining orders against Plaintiff and other activists under California's Workplace Violence Safety Act, Cal. Civ. P. Code section 527.8.[1]

---

[1] California's Workplace Violence Safety Act provides that:

> Any employer, whose employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace, may seek a temporary restraining order and an injunction on behalf of the employee and, at the discretion of the court, any number of other employees at the workplace, and, if appropriate, other employees at

(Compl. ¶ 62; Attorney Defs.' RJN Exh. 4, ECF 19-4)[2]  The petition against Plaintiff alleged that he had used the pole upon which his camera was mounted to assault circus employees on August 7, 2012, and that Petitioner's conduct had escalated since then.  (Attorney Defs.' RJN Exh. 4, ECF 19-4)  The petition was supported by Defendant Stuart's declaration, which stated among other things that Plaintiff was accompanied to the August 7, 2012 animal walk by two other activists, Deniz Bolbol ("Bolbol") and Sherisa Anderson ("Anderson").  (Attorney Defs.' RJN Exh. 7 at ¶ 6, ECF 19-7)  Stuart stated that Plaintiff, Bolbol, and Anderson shouted obscenities at circus employees, including the animal handlers, and that Anderson punched him (Stuart) in the back.  (*Id.* ¶¶ 5-7)  Defendant Bailey submitted a declaration as well, which stated among other things that during the August 7, 2012 animal walk Plaintiff and Bolbol worked in tandem, with Bolbol distracting a circus employee and while Plaintiff hit the employee with his monopod-mounted camera.  (Attorney Defs.' RJN Exh. 6 at ¶ 7, ECF 19-6)  Finally, the petition was supported by a disc containing footage of the August 7, 2012 Oakland animal walk.  (Attorney Defs.' RJN Exh. 7 at ¶ 6).

The superior court issued temporary restraining orders ("TROs") requiring Plaintiff and the other respondents to stay five yards away from any Feld employee and, when driving, to maintain a distance of one car length for every ten miles per hour from any Feld vehicle.  (Compl. ¶ 63; Attorney Defs.' RJN Exh. 9, ECF 19-9)  The court denied Plaintiff's motion to dissolve the TRO.  (Attorney Defs.' RJN Exh. 11 at 2:5-11, 21:18-19, ECF 19-11)

Plaintiff claims that the TRO interfered with his ability to film animals and pass out leaflets at the San Jose Arena.  (Compl. ¶¶ 66-77)  Moreover, Plaintiff alleges that he constantly was worried that a Feld employee might come within five yards of him and thus render him in contempt of the TRO.  (*Id.*)  Plaintiff chose not to attend the animal walk at the circus's Sacramento venue

---

other workplaces of the employer.

Cal. Civ. P. Code § 527.8(a).

[2] All parties have submitted requests for judicial notice of documents filed in federal and state courts.  (*See* ECF 19, 20-3, and 27)  Those requests are granted.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Plaintiff additionally requests judicial notice of a police report.  (Pl.'s RJN Exh. 7, ECF 27)  That request is denied.  *See Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985) (holding that a police report is not properly the subject of judicial notice), *cited with approval in United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).

United States District Court
For the Northern District of California

1   because he did not believe that he could do so and comply with the TRO.  (*Id.* ¶ 76)  Ultimately, the

2   superior court declined to issue a permanent injunction against Plaintiff, although it did issue a

3   permanent injunction against Bolbol.  (*Id.* ¶ 77-78; Feld Defs.' RJN Exh. J)

4       Plaintiff later obtained all of Feld's video from the August 7, 2012 animal walk.  (Compl. ¶

5   79)  According to Plaintiff, the video discredits Feld's witnesses and shows that Defendants lacked

6   probable cause to file the petitions for workplace violence restraining orders.  (*Id.*)  Plaintiff claims

7   that Defendants nonetheless "intentionally interfered with Plaintiff's Free Speech Rights with the

8   intent to interfere with and chill Plaintiff in the exercise of his Constitutionally-protected rights."

9   (*Id.* ¶ 81)  He asserts claims against all Defendants for (1) malicious prosecution under California

10  law and (2) violation of his First Amendment rights under 42 U.S.C. § 1983.  The Feld Defendants

11  and the Attorney Defendants separately have filed motions to dismiss and special motions to strike

12  the complaint.

## II.   ANTI-SLAPP MOTIONS

14      Both the Feld Defendants and the Attorney Defendants assert special motions to strike

15  Plaintiff's first claim for malicious prosecution under California's anti-SLAPP[3] statute, California

16  Code of Civil Procedure section 425.16.  The Court notes that because the Feld Defendants' motion

17  combines their arguments relating to the anti-SLAPP statute with those relating to Rule 12(b)(6), the

18  motion could be construed to assert a special motion to strike Plaintiffs' § 1983 claim as well as his

19  malicious prosecution claim.  However, "the anti-SLAPP statute does not apply to federal law

20  causes of action."  *Doe v. Gangland Productions, Inc.*, 730 F.3d 946, 955 (9th Cir. 2013) (quoting

21  *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010)).  Accordingly, the Court addresses the

22  parties' anti-SLAPP motions only with respect to the claim for malicious prosecution.

### A.   Legal Standard

24      "California law provides for the pre-trial dismissal of certain actions, known as Strategic

25  Lawsuits Against Public Participation, or SLAPPs, that masquerade as ordinary lawsuits but are

26  intended to deter ordinary people from exercising their political or legal rights or to punish them for

27

28  [3] "SLAPP is an acronym for 'strategic lawsuit against public participation.'"  *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 732 n.1 (2003).

United States District Court
For the Northern District of California

doing so." *Makaeff v. Trump University, LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (internal quotation marks and citations omitted). Section 425.16 of the California Code of Civil Procedure, also referred to as the anti-SLAPP statute, provides in relevant part that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. P. Code § 425.16(b)(1).

Resolution of an anti-SLAPP motion is a two-step process. *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733 (2003). "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Id.* (quoting *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). Second, "[i]f the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id.* Under the second step, "the claim should be dismissed if the plaintiff presents an insufficient legal basis for it, or if, on the basis of the facts shown by the plaintiff, no reasonable jury could find for the plaintiff." *Makaeff*, 715 F.3d at 261 (internal quotation marks and citation omitted).

**B.      Malicious Prosecution (Claim 1)**

In his malicious prosecution claim, Plaintiff asserts that Defendants' filing of the petition for restraining order under California Code of Civil Procedure section 527.8 was without basis and done solely "as part of an ongoing malicious retaliation campaign against Plaintiff meant to interfere with and chill Plaintiff's free speech rights." (Compl. ¶ 87) Under the framework outlined above, the Court's first step is to determine whether Defendants have made a threshold showing that this claim for malicious prosecution arises from protected activity. Protected activity includes:

> (1) *any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law*, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

6

Cal. Civ. P. Code § 425.16(e) (emphasis added). Because the malicious prosecution claim arises from the filing of a petition in a judicial proceeding, the claim clearly arises from protected activity. The California Supreme Court has acknowledged that "by its terms, section 425.16 potentially may apply to every malicious prosecution action, because every such action arises from an underlying lawsuit, or petition to the judicial branch." *Jarrow*, 31 Cal. 4th at 734-35. Plaintiff concedes that "the Defendants have satisfied the first step required by section 425.16." (Opp. at 14)

The burden thus shifts to Plaintiff to demonstrate a probability of prevailing on his malicious prosecution claim. "To establish a cause of action for malicious prosecution, the plaintiff must prove the prior action was: (1) brought by the defendant and resulted in a favorable termination for the plaintiff; (2) initiated or continued without probable cause; and (3) initiated with malice." *Robinzine v. Vicory*, 143 Cal. App. 4th 1416, 1422 (2006). While ordinarily the Court would perform an element-by-element analysis to determine whether Plaintiff has demonstrated a probability of prevailing on his malicious prosecution claim, the Court need not do so here because as a matter of California law "petitions under the Workplace Violence Safety Act do not provide a basis for malicious prosecution actions." *Id.* at 1424. Thus, Plaintiff cannot meet his burden under section 425.16 to demonstrate a probability of prevailing on this claim.

In *Robinzine*, a dispute arose between Kimberly and Clifford Robinzine on the one hand and Kimberly's former employer, RPM Company, and several of RPM's employees on the other. RPM obtained a TRO against Clifford under section 527.8 based upon allegedly "phony allegations of workplace violence." *Robinzine*, 143 Cal. App. 4th at 1419. After the court dissolved the TRO, the Robinzines brought a malicious prosecution claim based upon the defendants' filing of the section 527.8 petition. The trial court denied the defendants' special motion to strike under the anti-SLAPP statute, concluding that Clifford had submitted evidence sufficient to make a prima facie showing that the defendants had filed the section 527.8 petition without probable cause. *Id.* at 1422.

Although it agreed with the trial court's factual assessment of Clifford's showing on probable cause, *Robinzine*, 143 Cal. App. 4th at 1422, the Court of Appeal concluded that for policy reasons a petition under the Workplace Violence Safety Act simply cannot provide a basis for a malicious prosecution claim, *id.* at 1423-24. The court relied heavily upon *Siam v. Kizilbash*, 130

7

**United States District Court**
For the Northern District of California

1    Cal. App. 4th 1563 (2005), which held that a cause of action for malicious prosecution cannot be

2    predicated on an unsuccessful civil harassment petition brought under California Code of Civil

3    Procedure section 527.6.  *Siam* observed that section 527.6 provides an expedited process and

4    opined that "[p]ermitting a malicious prosecution claim to follow an unsuccessful section 527.6

5    petition would frustrate this streamlined procedure" and "might dissuade victims of serious

6    harassment from seeking the remedy."  *Siam*, 130 Cal. App. 4th at 1573.

7         Noting the substantial similarities between sections 527.6 and 527.8, the *Robinzine* court

8    pointed out that "[b]oth statutory schemes describe a streamlined process for obtaining a temporary

9    restraining order and preliminary injunction"; "[b]oth envision self-representation by parties without

10   the benefit of counsel, and exempt the process from filing fees"; and "[t]o the extent a defendant

11   may have grievances of his or her own, both statutes permit a cross-complaint."  *Id.* at 1424.  The

12   court also observed if a section 527.8 action is baseless or filed for an improper purpose, the

13   defendant may seek sanctions under California Code of Civil Procedure section 128.7.  *Id.*  Given

14   those similarities, the *Robinzine* court applied the *Siam* rationale to bar malicious prosecution claims

15   premised upon section 527.8 petitions.  *Id.*

16        The California Supreme Court has not addressed whether a petition under section 527.8 may

17   form the basis of a malicious prosecution claim.  When the state supreme court has not ruled

18   definitively on a point, federal courts look to decisions by intermediate appellate state courts for

19   guidance, and follow those decisions "unless there is convincing evidence that the state supreme

20   court would decide differently."  *State Farm Fire and Casualty Co. v. Abraio*, 874 F.2d 619, 621

21   (9th Cir. 1989).

22        Plaintiff acknowledges that if this Court applies the holding in *Robinzine* to this case, "the

23   case is closed."  (Opp. at 1, ECF 25)  He urges this Court not to follow *Robinzine* and contends that

24   this case is distinguishable from *Robinzine* because he acted *pro se* during the civil harassment

25   proceedings and thus could not recover attorneys' fees in those proceedings.  *See Elwood v.*

26   *Drescher*, 456 F.3d 943, 947 (9th Cir. 2006) (*pro se* litigants may not recover statutory attorneys'

27   fees); *Musaelian v. Adams*, 45 Cal. 4th 512, 517 (2009) (*pro se* litigants may not recover attorneys'

28   fees as sanctions under California Code of Civil Procedure section 128.7).  Plaintiff suggests that the

8

United States District Court
For the Northern District of California

1    California Supreme Court would not apply *Robinzine* under these circumstances, asserting that

2    "[t]he issue of what if any meaningful recovery is available to a Pro Se litigant has never been

3    decided by the California Supreme Court or addressed by any California appellate court."  (Opp. at

4    11-12)  As an initial matter, the *Robinzine* decision stated expressly that section 527.8 envisions

5    "self-representation by parties without the benefit of counsel."  *Robinzine*, 143 Cal. App. 4th at

6    1424.  In light of that statement, Plaintiff's attempt to distinguish *Robinzine* based upon his *pro se*

7    status is unpersuasive.  Moreover, section 527.8 does not provide for an award of attorneys' fees.

8    *See* Cal. Civ. P. Code § 527.8; *Robinzine*, 143 Cal. App. 4th at 1424 n.8 (acknowledging that the

9    greatest difference between sections 527.6 and 527.8 is that the former contains an attorneys' fees

10   provision while the latter does not).  Plaintiffs' argument is based upon *Robinzine*'s observation that

11   if a section 527.8 action is baseless or harassing, a prevailing defendant might be able to recover

12   attorneys' fees as sanctions under California Code of Civil Procedure section 128.7.  *See Robinzine*,

13   143 Cal. App. 4th at 1424.  This Court is not persuaded that the California Supreme Court would

14   create a *pro se* exception to *Robinzine* on this basis.

15          Accordingly, Defendants' special motions to strike are GRANTED as to Claim 1.[4]

16   **III.    RULE 12(b)(6) MOTIONS**

17          Both the Feld Defendants and the Attorney Defendants move to dismiss Plaintiff's second

18   claim, brought under 42 U.S.C. § 1983, under Rule 12(b)(6) for failure to state a claim upon which

19   relief may be granted.

20          **A.        Legal Standard**

21          "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

22   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force*

23   *v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732

24   (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all

25   well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v.*

26   *BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not

27

28   [4] In light of its disposition of Claim 1 based upon *Robinzine*, the Court need not reach Defendants'
     additional arguments regarding the merits of Plaintiff's malicious prosecution claim.

United States District Court
For the Northern District of California

1   "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations

2   that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re*

3   *Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations

4   omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient

5   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

6   *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A

7   claim is facially plausible when it "allows the court to draw the reasonable inference that the

8   defendant is liable for the misconduct alleged."  *Id.*

9           **B.       42 U.S.C. § 1983**

10          In his § 1983 claim, Plaintiff alleges that Defendants interfered with and chilled his free

11   speech rights when they "willfully lied to obtain a temporary restraining order against Plaintiff."

12   (Compl. ¶ 98)  "To succeed on a § 1983 claim, a plaintiff must show that (1) the conduct

13   complained of was committed by a person acting under color of state law; and (2) the conduct

14   deprived the plaintiff of a federal constitutional or statutory right."  *Patel v. Kent School Dist.*, 648

15   F.3d 965, 971 (9th Cir. 2011).

16          It is clear from Plaintiff's allegations that all of the defendants are private parties rather than

17   state actors.  Under certain circumstances, "[a] private individual's action may be under color of

18   state law where there is significant state involvement in the action."  *Franklin v. Fox*, 312 F.3d 423,

19   444 (9th Cir. 2002).  "The Supreme Court has articulated four tests for determining whether a

20   private individual's actions amount to state action:  (1) the public function test; (2) the joint action

21   test; (3) the state compulsion test; and (4) the governmental nexus test."  *Id.* at 444-45.  Plaintiff's

22   complaint does not indicate which, if any, of these tests he believes applies.  In his opposition,

23   Plaintiff argues that "[b]y filing the petition for workplace violence and requesting a temporary

24   restraining order Defendants were acting jointly with the state to deprive Plaintiff of his First

25   Amendment right to free speech."  (Opp. at 27)  The Court understands Plaintiff to be arguing that

26   Defendant's conduct satisfies the joint action test.[5]

27   
_____

28   [5] Plaintiff does not suggest that the public function, state compulsion, or governmental nexus tests
apply.

10

United States District Court
For the Northern District of California

"Under the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Franklin*, 312 F.3d at 445 (internal quotation marks and citation omitted). "The test focuses on whether the state has so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint participant in the challenged activity." *Id.* (internal quotation marks and citations omitted) (alteration in original). "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents." *Id.* (internal quotation marks and citations omitted).

Plaintiff does not allege any type of conspiracy or other joint action in this case. His claim rests solely on Defendants' actions in pursuing a restraining order against him. Plaintiff has not cited, and the Court has not discovered, any authority suggesting that seeking a restraining order can convert a private individual to a state actor. In fact, the applicable authorities hold directly to the contrary. With respect to the Attorney Defendants, the Ninth Circuit has "repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act." *Briley v. State of California*, 564 F.2d 849, 855 (9th Cir. 1977); *see also Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 116, 1161 (9th Cir. 2003) (dismissing § 1983 claim brought against private counsel). With respect to the *Feld* defendants, Plaintiff's argument is precluded by the Supreme Court's holding in *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982), a case relied upon by Plaintiff.

Lugar, a lessee-operator of a truck stop, was indebted to his supplier, Edmondson. Edmondson sued on the debt in state court and obtained prejudgment attachment of Lugar's property under a state law requiring only that Edmondson allege a belief that Lugar might dispose of his property in order to defeat his creditors. The state court later dismissed the attachment after concluding that Edmondson had failed to establish the statutory grounds for attachment alleged in the petition. Lugar then sued Edmondson and its president under § 1983, alleging that the defendants had acted jointly with the state to deprive him of his property without due process of law. The Supreme Court held that Lugar had alleged a viable § 1983 claim to the extent that he was challenging the state's attachment scheme as procedurally defective under the Fourteenth

United States District Court

For the Northern District of California

Amendment. *Id.* at 941. However, the Court held that no viable § 1983 claim could be asserted based upon the defendants' alleged misuse of the attachment statute, because "private misuse of a state statute does not describe conduct that can be attributed to the State." *Id.*

Accordingly, Defendants' motion to dismiss under Rule 12(b)(6) is GRANTED as to Claim 2. Because Plaintiff has not given any indication that he could cure the defects noted herein, leave to amend would be futile and will not be granted.[6]

## IV.   ATTORNEYS' FEES AND COSTS

Both the Feld Defendants and the Attorney Defendants seek attorneys' fees and costs under California Code of Civil Procedure section 425.16 and 42 U.S.C. § 1988.

### A.   Attorneys' Fees and Costs under Section 425.16

Under section 425.16, an award of attorneys' fees and costs is mandatory when an anti-SLAPP motion is granted. Cal. Civ. P. Code § 425.16(c). "[D]efendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). Because the Feld Defendants and the Attorney Defendants prevailed on their special motions to strike Claim 1, they are entitled to recover the attorneys' fees and costs that they incurred in litigating those motions. Defendants may file a motion for an award of reasonable attorneys' fees and costs.

### B.   Attorneys' Fees and Costs under § 1988

Under § 1988, the Court has discretion to award reasonable attorneys' fees and costs to a prevailing party, other than the United States, in an action to enforce § 1983. 42 U.S.C. § 1988(b); *see also Braunstein v. Arizona Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012). "[A] prevailing defendant may only recover fees in 'exceptional circumstances' where the court finds that the plaintiff's claims are 'frivolous, unreasonable, or groundless.'" *Id.* (quoting *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011)). After considering all of the circumstances of the case, including the mandatory fee award with respect to Claim 1, Plaintiff's

---

[6] In light of its disposition of Claim 2 based upon the state action requirement, the Court need not reach Defendants' additional argument based upon the *Noerr-Pennington* doctrine.

*pro se* status, and Plaintiff's arguments for expansion of the definition of state actor, the Court in the exercise of its discretion declines to award attorneys' fees and costs under § 1988.

**V.    ORDER**

For the foregoing reasons,

(1)    Defendants' special motions to strike under California Code of Civil Procedure section 425.16 are GRANTED as to Claim 1;

(2)    Defendants' motions to dismiss under Rule 12(b)(6) are GRANTED without leave to amend as to Claim 2;

(3)    Defendants are AWARDED attorneys' fees and costs under California Code of Civil Procedure section 425.16 with respect to Claim 1; Defendants may file motions for reasonable attorneys' fees and costs; and

(4)    Defendants' requests for attorneys' fees and costs under 42 U.S.C. § 1988 are DENIED.

Dated:  September 4, 2014

BETH LABSON FREEMAN
United States District Judge