**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH CUVIELLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FELD ENTERTAINMENT, INC. (dba RINGLING BROS. AND BARNUM & BAILEY CIRCUS), et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-04951-BLF<br><br>**ORDER GRANTING IN PART MOTIONS FOR ATTORNEYS' FEES AND COSTS**<br><br>[Re: ECF 46, 53] |

　　　　This action arose out of clashes between Plaintiff Joseph Cuviello, an animal rights activist, and Defendant Feld Entertainment, Inc., dba Ringling Bros. and Barnum & Bailey Circus ("Feld"). For more than twenty years, Plaintiff has been traveling to the sites of Feld's performances to videotape circus animals, distribute leaflets, and organize demonstrations.  Following Feld's unsuccessful attempt to obtain a permanent injunction after having obtained a temporary restraining order against Plaintiff, Plaintiff filed this *pro se* action against Feld and two of its employees ("Feld Defendants"), and Feld's attorneys ("Attorney Defendants"), asserting claims for malicious prosecution and violation of First Amendment rights.  The Feld Defendants and the Attorney Defendants separately moved to strike the malicious prosecution claim under California Code of Civil Procedure section 425.16 and to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6).

　　　　On September 4, 2014, the Court issued an order striking the malicious prosecution claim under section 425.16 and dismissing the First Amendment claim under Rule 12(b)(6).  The Court determined that section 425.16 contains a mandatory attorneys' fees provision and directed Defendants to file motions for reasonable attorneys' fees and costs under that provision.  Defendant did file those motions, which now are before the Court, having been fully briefed and taken under submission without oral argument.  For the reasons discussed below, the motions are GRANTED IN PART.

**United States District Court**
For the Northern District of California

## I.   LEGAL STANDARD

Subject to certain exceptions not applicable here, section 425.16(c) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. P. Code § 425.16(c).  Although it does not expressly limit the award to "reasonable" fees, California courts have construed section 425.16(c) to contain a reasonableness limitation.  *See, e.g., Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 488 (2014) ("each fee application under section 425.16, subdivision (c) must be assessed on its own merits . . . taking into account what is reasonable under the circumstances") (internal quotation marks and citation omitted); *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995) ("We readily conclude section 425.16 similarly authorizes and award of *reasonable* attorney fees to the prevailing party, irrespective of whether the prevailing party is the plaintiff or the defendant.") (emphasis in original).

When evaluating a motion for reasonable attorneys' fees under section 425.16, the Court begins with a lodestar figure.  *Lunada*, 230 Cal. App. 4th at 806.  The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate.  *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).  The hours reasonably expended include those spent litigating the special motion to strike but not the action as a whole, *see Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1324-25 (2008), as well as those spent litigating the mandatory fee award, *see Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001).  The Court "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Id.* at 1132 (citation omitted).

"The reasonable hourly rate is that prevailing in the community for similar work."  *PLCM Group*, 22 Cal. 4th at 1095.  "Once the lodestar is fixed, the court may increase or decrease that amount by applying a positive or negative 'multiplier' to take other factors into account."  *Rey v. Madera Unified School Dist.*, 203 Cal. App. 4th 1223, 1240 (2012).  Those factors "include, but are not limited to, (1) the novelty and difficulty of the questions involved; (2) the skill displayed in presenting them; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; [and] (4) the contingent nature of the fee award." *Id*; *see also Ketchum*, 24 Cal. 4th at 1132.

2

**II.     REASONABLE HOURLY RATES**

The Court has broad discretion in setting the reasonable hourly rates used in the lodestar calculation.  *See Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 702-03 (2014).  In determining the prevailing rates in the community for similar work, the Court may find it most appropriate to use the actual rates charged or, alternatively, it may determine that application of the *Laffey* Matrix is warranted.  *See id.*  In the present case, the Feld Defendants request application of the actual rates charged by their attorneys while the Attorney Defendants request application of the *Laffey* Matrix.

The Feld Defendants were represented by three attorneys at the law firm of Fulbright & Jaworski LLP, who customarily charge the following hourly rates:  Peter Mason, partner, $725; Todd Sorrell, partner, $695; and Tarifa Laddon, senior associate, $455.  Sorrell Decl. ¶ 4 and Ex. A., ECF 53-2.  The customary rates actually were paid for the work done in this case.  *Id* ¶ 4.  Mr. Sorrell states that, based upon his experience, those are reasonable rates for attorneys in California of comparable skill and experience.  *Id.* ¶ 4.  All three attorneys have submitted resumes reflecting significant relevant litigation experience, expertise and honors.  *Id.* ¶ 7 and Exh. B.  John O'Connor, an attorneys' fees expert retained by Plaintiff, acknowledges that "Fulbright & Jaworski is an excellent firm, generally of such high reputation that it can charge premium rates."  O'Connor Decl. ¶ 38, ECF 63.  Mr. O'Connor also opines that the rates charged by Fulbright & Jaworski "are in fact in line with other premium rates charged in the community by those few select firms able to charge them."  *Id.* ¶ 39.  Plaintiff argues, and Mr. O'Connor opines, that the Feld Defendants could have hired a less expensive firm to represent them.  However, "[p]arties normally have the right to counsel of their choice, so long as the counsel satisfy required bar admissions."  *Cole v. United States Dist. Court*, 366 F.3d 813, 817 (9th Cir. 2004).  Feld retained attorneys that have represented it for a number of years and currently represent it in other litigation.  *Id.* ¶ 7.  Plaintiff has cited no authority suggesting a constraint on Feld's right to counsel of its choice in this case.  The Court notes that, as discussed below, it has taken every care to ensure that Plaintiff is required to pay only those attorneys' fees reasonably incurred by Defendants.

The Attorney Defendants were represented by two attorneys at the law firm Murphy,

3

Pearson, Bradley & Feeney, who customarily charge the following hourly rates:  Janet Everson, partner, $500; and Jennifer Karpinski, associate, $325.  It is not clear whether those rates actually were paid in this case.  The Attorney Defendants do not seek their counsel's customary hourly rates but rather rates calculated under the *Laffey* Matrix.  Application of the *Laffey* Matrix would result in a $50 reduction of Ms. Everson's billing rate to $450 and a $25 increase in Ms. Karpinski's billing rate to $350.

Murphy, Pearson specializes in the practice areas of professional liability defense and legal malpractice litigation.  Everson Decl. ¶ 2, ECF 49; Karpinski Decl. ¶ 2, ECF 50.  The firm has been recognized by The Recorder, a local legal newspaper, as the preeminent Bay Area firm in those practice areas.  *Id.*  Both Ms. Everson and Ms. Karpinski have significant relevant experience and, in particular, experience litigating under section 425.16.  *Id.*  Mr. O'Connor states that Murphy, Pearson is a well-known legal malpractice firm.  O'Connor Decl. ¶ 33, ECF 63.  Having considered this record and the relatively minor differences between counsel's customary billing rates and the proposed *Laffey* rates, the Court concludes that application of the customary billing rates is appropriate as to the Attorney Defendants' motion as well as that of the Feld Defendants.  The Court is satisfied that rates customarily charged by Ms. Everson and Ms. Karpinski are consistent with prevailing rates in the community for similar work.  The Court declines to credit Mr. O'Connor's suggested rate of $250 rate as pure speculation lacking factual basis.

## II.   FELD DEFENDANTS

The Feld Defendants request fees and costs in the total amount of $76,546.74, representing 120.5 hours of work by counsel and costs in the amount of $849.24.  *See* Feld Defs.' Reply at 11, ECF 64.  In calculating the lodestar for the Feld Defendants, the Court has examined each attorney's billing records and determined whether the hours expended were reasonable.  Among other things, the Court has considered whether the time spent on particular tasks was reasonable in light of the attorney's level of experience.

### A.   Mason

The request for Mr. Mason's fees is granted in its entirety with respect to the 12.5 hours he spent working on this matter.  The billing entries reflect a reasonable amount of time spent by a

senior partner with thirty-eight years of legal experience overseeing and reviewing the work on the case. *See* Sorrell Decl. Exh. A, ECF 53-2; Sorrel Reply Decl., ECF 64-1. Accordingly, the lodestar for Mr. Mason's work is $9,062.50 (12.5 hours x $725).

**B.      Sorrell**

The Feld Defendants request fees for 73 hours of work done by Mr. Sorrell, who is a senior partner with twenty years of legal experience. Plaintiff's expert, Mr. O'Connor, asserts that certain of Mr. Sorrell's hours should not be credited on the basis of ambiguous billing entries. The Court does not find that argument persuasive. However, the hours requested for Mr. Sorrell's work are excessive for other reasons. As set forth in the chart below, the Court has categorized Mr. Sorrell's billing entries for purposes of analysis. The billing entries provided to the Court were not numbered, so they are identified herein by date. *See* Sorrell Decl. Exh. A, ECF 53-2; Sorrel Reply Decl., ECF 64-1. Mr. Sorrell billed 39.25 hours for tasks related to research and writing, the bulk of which did not need the expertise of a senior partner but could have been done by an associate at a much lower hourly rate. The Court has reduced the requested 39.25 hours to 15. Mr. Sorrell also billed 12 hours to prepare for and attend the hearing on the motions to strike and dismiss. While the hours billed for attendance are reasonable, a partner of Mr. Sorrell's experience should not have needed several hours to prepare. The Court has reduced the requested 12 hours to 8. The Court concludes that the 3.75 hours requested for miscellaneous conferences, phone calls, and the like are reasonable. The Court likewise concludes that the 18 hours requested for working on the present fees motion are reasonable given the necessity for a senior attorney's review of billing records and the considerable task of responding to the many points raised in Plaintiff's opposition brief and Mr. O'Connor's expert report. Accordingly, the lodestar for Mr. Sorrell's work is $31,101.25 (44.75 hours x $695).

| Description | Requested | Awarded |
| --- | --- | --- |
| Research and Writing<br>entries dated:<br>11/11/13<br>1/29/14<br>1/30/14<br>2/5/14<br>2/20/14 | 39.25 | 15 |

| | | |
|---|---|---|
| 2/21/14<br>2/24/14<br>2/26/14<br>2/28/14<br>3/17/14<br>3/18/14<br>3/19/14<br>3/24/14 | | |
| Hearing and Preparation<br>entries dated:<br>9/2/14<br>9/3/14<br>9/4/14 | 12 | 8 |
| Miscellaneous<br>entries dated:<br>1/28/14<br>1/31/14<br>2/7/14<br>2/11/14<br>3/3/14<br>4/3/14<br>6/11/14 | 3.75 | 3.75 |
| Fees Motion<br>entries dated:<br>9/5/14<br>9/11/14<br>9/12/14<br>9/15/14<br>9/16/14<br>9/17/14<br>reply decl. | 18 | 18 |
| Total | 73 | 44.75 |

**C.     Laddon**

The request for Ms. Laddon's fees is granted in its entirety with respect to the 35 hours she spent working on this matter.  Ms. Laddon's billing entries reflect an appropriate amount of time and effort for a senior associate with nine years of legal experience to expend on research, writing, and miscellaneous tasks in a case of this type.  *See* Sorrell Decl. Exh. A, ECF 53-2.  Accordingly, the lodestar for Ms. Laddon's work is $15,925 (35 hours x $455).

**III.    ATTORNEY DEFENDANTS**

The Attorney Defendants request fees in the total amount of $41,180, representing 110.1 hours of work by counsel and costs in the amount of $505.  As with the Feld Defendants, in calculating the lodestar for the Attorney Defendants, the Court has examined each attorney's billing records and determined whether the hours expended were reasonable in light of the attorney's level of experience.

**United States District Court**
For the Northern District of California

### A.   Everson

The Attorney Defendants request fees for 21.4 hours[1] of work done by Ms. Everson, who is a partner with fourteen years of legal experience.  As set forth in the chart below, the Court has categorized Ms. Everson's hours for purposes of analysis.  The billing summary provided with Ms. Everson's declaration contains ten unnumbered and undated entries.  Everson Decl. Exh. 6, Exh. 49. For ease of discussion, the Court refers to those entries as though they had been numbered 1-10 from top to bottom.  Ms. Everson spent 8.2 hours analyzing documents and legal authorities, tasks that did not need the expertise of a partner and could have been performed by an associate at a lower billing rate.  The Court has reduced those hours to 4.  She spent 3.2 hours preparing the memorandum of points and authorities in support of the anti-SLAPP motion.  Again, the initial draft could have been performed by an associate at a lower billing rate and then reviewed by a partner. The Court has reduced those hours to 2.  Ms. Everson spent 2 hours analyzing Plaintiff's opposition to the anti-SLAPP motion and 1.5 hours preparing the reply memorandum in support of the anti-SLAPP motion.  The Court finds those hours to be excessive in light of the relatively straightforward nature of the particular anti-SLAPP motion and Ms. Everson's expertise in the area. She spent 5.3 hours reviewing billing records, preparing her declaration, and otherwise working on the present motion for attorneys' fees.  The Court concludes that those hours are reasonable. Finally, Ms. Everson spent 1.2 hours on client communication, which is a reasonable amount of time for a case of this type.  Accordingly, Ms. Everson's lodestar is $7,125 (14.25 hours x $500 per hour).

| Description | Requested | Awarded |
|---|---|---|
| Analyzing Documents and Authorities<br>  entries 1, 2, 4, 5 | 8.2 | 4 |
| Preparing P&A<br>  entry 3 | 3.2 | 2 |
| Analyzing Opposition<br>  entry 6 | 2 | 1 |
| Preparing Reply<br>  entry 7 | 1.5 | .75 |

[1] The Attorney Defendants initially requested fees for 33.2 hours of work by Ms. Everson, but in their reply brief they acknowledge a mathematical error in calculating Ms. Everson's hours and clarify that they seek fees for 21.4 hours.  Atty Defs.' Reply at 4, ECF 65.

| Attorneys' Fees Motion entries 9, 10 | 5.3 | 5.3 |
|---|---|---|
| Client Communication entry 8 | 1.2 | 1.2 |
| Total: | 21.4 | 14.25 |

**B.    Karpinski**

The Attorney Defendants request fees for 88.7 hours of work done by Ms. Karpinski, who is an associate with two years of legal experience.  As set forth in the chart below, the Court has categorized Ms. Karpinski's hours for purposes of analysis.  The billing summary provided with Ms. Karpinski's declaration contains twenty-seven unnumbered and undated entries.  Karpinski Decl. Exh. 6, ECF 50.  For ease of discussion, the Court refers to those entries as though they had been numbered 1-27 from top to bottom.

Ms. Karpinski spent 16 hours analyzing documents and legal authorities and communicating with clients in connection with the anti-SLAPP motion, 17.7 hours preparing the memorandum of points and authorities and other documents relating to the anti-SLAPP motion, 4.8 hours researching the reply, and 6.2 hours preparing the reply brief.  Those hours are excessive.  Although anti-SLAPP motions can be complicated, the issues raised by this particular motion were relatively straightforward – in essence, the motion turned on a single case.  The Court has reduced the requested hours to 10, 15, 3, and 4 respectively.  Ms. Karpinski spent 3.2 hours preparing for the hearing and communicating with the clients, and 6 hours traveling to and attending the hearing. Those hours are reasonable.  She spent 22.8 hours preparing the present fees motion.  Although the Court did request a certain level of detail with respect to the fees motion, the work involved was not complex and should not have taken so much time.  The Court notes that Ms. Karpinski spent about the same number of hours on the fees motion as all three of the Feld Defendants' attorneys put together.  The Court has reduced the hours for preparation of the fees motion to 15.  Ms. Karpinski spent 6 hours preparing the reply brief on the fees motion, which is excessive given that the brief is modest and does not address complex issues.  The Court has awarded 3 hours for that work.  Finally, Ms. Karpinski allocates 6 hours to traveling and attending a hearing on the fees motion; in fact, the motion was submitted without oral argument subsequent to Ms. Karpinski's submission. Accordingly, Ms. Karpinski's lodestar is $19,272.50 (59.3 hours x $325).

8

| Description | Requested | Awarded |
|---|---|---|
| Analyzing docs/authorities and client comm entries 1, 2, 3, 9, 10, 11 | 16 | 10 |
| Preparing docs re anti-SLAPP motion entries 4, 5, 6, 7, 8, 12 | 17.7 | 15 |
| Researching reply re anti-SLAPP motion entries 13, 14 | 4.8 | 3 |
| Preparing reply brief re anti-SLAPP motion entry 15 | 6.2 | 4 |
| Hearing prep and client comm entries 16, 17 | 3.2 | 3.2 |
| Attending hearing on anti-SLAPP motion entry 18 | 6 | 6 |
| Preparing attorneys' fees motion entries 19, 20, 21, 22, 23, 24, 25 | 22.8 | 15 |
| Preparing reply re attorneys' fees motion entry 26 | 6 | 3 |
| Attending hearing re attorneys' fees motion entry 27 | 6 | 0 |
| Total | 88.7 | 59.3 |

## IV.   MULTIPLIER

Based upon the above, the total lodestar for work done by the Feld Defendants' counsel is $56,088.75 ($9,062.50 + $31,101.25 + $15,925) and the total lodestar for work done by the Attorney Defendants' counsel is $26,397.50 ($7,125 + $19,272.50). Having calculated the lodestar figures, the Court must consider whether to apply a positive or negative multiplier. None of the parties has requested application of a multiplier, nor would a multiplier be warranted in this case. As noted above, factors to be considered include "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. The questions presented in this anti-SLAPP motion were not complex, and the motion turned primarily upon a single case. While all defense counsel litigated the matter capably, counsel did not need to call on any extraordinary skill or expertise. The motion practice in this case was not so onerous that counsel would have been precluded from other employment, and there is no evidence of a contingent fee agreement. Accordingly, the Court concludes that application of a multiplier is not warranted.

United States District Court

For the Northern District of California

1

**V.   COSTS**

2        The Feld Defendants request $849.24 in travel costs incurred by Mr. Sorrell in attending the

3   hearing on the anti-SLAPP motion.  *See* Sorrell Decl. ¶ 4 and Exh. A, ECF 53-2.  The Attorney

4   Defendants request $505 in costs incurred in making chambers copies of documents.  Karpinski

5   Decl. Exh. 6, ECF 50.  A fee shifting provision permitting recovery of reasonable attorneys' fees

6   gives the district court discretion to award non-taxable costs to prevailing parties.  *See Grove v.*

7   *Wells Fargo Fin. Cal.*, 606 F.3d 577, 580 (9th Cir. 2010).  The Court in the exercise of its discretion

8   grants both modest cost requests.

9   **VI.   ORDER**

10        For the foregoing reasons,

11      (1)      Attorneys' fees and costs are awarded to the Feld Defendants in the total amount of

12                $56,937.99 ($56,088.75 in fees + $849.24 in costs).

13      (2)      Attorneys' fees and costs are awarded to the Attorney Defendants in the total amount

14                of $26,902.50 ($26,397.50 in fees + $505 in costs).

15

16   Dated:  January 12, 2015

17                                                BETH LABSON FREEMAN
                                                 United States District Judge

18

19

20

21

22

23

24

25

26

27

28